UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| DRAMA CAMP PRODUCTIONS, INC., AND J&M LLC, D/B/A SHADES, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br>              *Plaintiffs,* <br> v. <br> MT. HAWLEY INSURANCE CO., <br>              *Defendant.* | C.A. NO.: 1:20-cv-00266-JB-B |

**DEFENDANT MT. HAWLEY INSURANCE CO.'S
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Mt. Hawley Insurance Company ("Mt. Hawley") hereby moves to dismiss the First Amended Class Action Complaint (the "Complaint"), in its entirety and with prejudice. The grounds for this motion, which are more fully stated in the accompanying memorandum of law, are as follows:

Plaintiffs Drama Camp Productions, Inc. ("Drama Camp") and J&M LLC, doing business as "Shades" ("J&M") (collectively, with Drama Camp, "Plaintiffs") claim that they are entitled to insurance coverage, under commercial property insurance policies issued by Mt. Hawley, as a result of orders issued by Kay Ivey, Governor of the State of Alabama, and Dr. Scott Harris, the Alabama State Health Officer, in conjunction with the COVID-19 pandemic, requiring that Plaintiffs' premises be temporarily closed to non-employees. Simply put, none of the commercial property policies (the "Policies") issued to Plaintiffs by Mt. Hawley have *any* application to a public health pandemic such as the COVID-19 Pandemic, which poses a threat to individuals' health but does not cause physical loss of or damage to buildings, furniture or inventory.

As set forth in the accompanying memorandum of law, Plaintiffs' allegations seek coverage under the Policies' Business Income and Extra Expense provisions. These provisions provide coverage only when there is: (1) "direct physical loss of or damage to property" at the insured premises; (2) the loss or damage is caused by or results from a Covered Cause of Loss; and (3) the "direct physical loss of or damage to property" causes a necessary suspension of business operations at the insured premises. Plaintiffs cannot satisfy a single one of these three essential requirements of the insuring agreement. Plaintiffs rely entirely on government orders mandating closure of their business premises only to non-employees, for "social distancing" purposes. PageID.229-230, ¶ 27. Plaintiffs do not claim that there was any physical damage to their property, or any physical loss of their property. Their property remains in the same state it was in before COVID-19 arrived in Alabama. The only thing that needs to happen for Plaintiffs to reopen their businesses (which has occurred for J&M) is for a government official to lift social distancing requirements.

It is most revealing that the Complaint completely ignores the Civil Authority provision, despite the fact that it was specifically addressed in the letters issued by Mt. Hawley denying Plaintiffs' insurance claims (PageID.438-442, 444-450.) The Civil Authority provision, which is an "Additional Coverage" in the Business Income (And Extra Expense) Coverage Form, is where the Policies specifically define the limited circumstances under which there could be coverage for a loss of business income resulting from a government order prohibiting access to the insured premises. This coverage applies where: (1) there is damage by a covered cause of loss to property other than property at the insured premises, within one mile of the insured premises; (2) as a result of the damage, a civil authority prohibits access to the insured property; and (3) the civil authority action is in response to the damage or designed to allow the civil authority to have unimpeded

access to the damaged property. Plaintiffs do not and cannot plead *any* of the facts that would be required for Civil Authority coverage to apply. Courts have uniformly held that Civil Authority coverage applies only where a civil authority completely prevents access to the insured's premises. There is no such prohibition here because Plaintiffs' employees have been free to access the premises at any time. Plaintiffs also cannot satisfy any of the other elements required for Civil Authority coverage, including a prohibition of access to the area surrounding the insured premises, or that the civil authority order was the "result of" and "in response to" damage to non-insured property by a covered cause of loss. The Civil Authority provision further demonstrates why Plaintiff's interpretation of the Business Income and Extra Expense provision is incorrect. There would be no reason for Civil Authority coverage, with its specific requirements, if any government order prohibiting (or, here, limiting) access to premises constituted "direct physical loss of or damage to property," and thereby gave rise to Business Income and Extra Expense coverage, as Plaintiffs contend.

  Even if Plaintiffs could somehow satisfy their burden of establishing coverage under the insuring agreement on their alleged claims for Business Income or Extra Expense coverage (which they cannot), Plaintiffs' theory still would fail because the Policies contain several exclusions for "loss or damage caused by or resulting from . . . loss of use or loss of market," "loss or damage caused directly or indirectly by . . . [t]he enforcement of any ordinance or law . . . [r]egulating the . . . use . . . of any property," and loss caused by "[a]cts or decisions . . . of any . . . governmental body." These exclusions further defeat Plaintiffs' argument that a temporary restriction on the use of property as a result of a government order creates a basis for coverage.

  Plaintiffs' failure to plead a covered loss under the Policies requires dismissal of both of Plaintiffs' causes of action: Count I (declaratory judgment) and Count II (breach of contract).

Count I should also be dismissed for the independent reason that Plaintiffs have an adequate legal remedy and the declaratory relief sought is duplicative of the breach of contract claim. With no viable individual claim of their own, Plaintiffs obviously cannot proceed on behalf of a proposed class. The Complaint should therefore be dismissed, in its entirety, and with prejudice.

      **WHEREFORE**, Mt. Hawley respectfully requests that the Court dismiss the Complaint in its entirety, with prejudice, for failure to state a claim upon which relief may be granted and enter judgment in Defendant's favor.

      Respectfully submitted,

**DEFENDANT,
MT. HAWLEY INSURANCE COMPANY,**

/s/ *Brenen G. Ely*
Brenen G. Ely
ELY & ISENBERG, LLC
2100-B Southbridge Parkway
Suite 380
Birmingham, AL 35209
Tel. 205-313-1200
Fax 205-313-1201
E-mail: bely@elylawllc.com

**-and-**

Wystan M. Ackerman
(*pro hac vice* motion forthcoming)
Wm Maxwell Daley
(*pro hac vice* motion forthcoming)
**ROBINSON & COLE LLP**
280 Trumbull Street
Hartford, CT 06103
Phone:  860-275-8200
Fax:  860-275-8299
wackerman@rc.com
wdaley@rc.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 9, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                        */s/ Brenen G. Ely*
                                        Brenen G. Ely